[Cite as *In re H.B.*, 2023-Ohio-1757.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| H.B. (D.O.B.: 04/07/2010) | : | Hon. Craig R. Baldwin, J. |
| E.B. (D.O.B.: 03/29/2012) | : | Hon. Andrew J. King, J. |
| E.V. (D.O.B.: 09/09/2016) | : | |
| | : | |
| | : | Case No. CT2022-0093 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court of Common Pleas, Juvenile Division, Case No. 22130176-78

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     May 24, 2023

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

RICHARD D. HIXON
3808 James Court, Suite 2
Zanesville, Ohio 43701

Guardian Ad Litem

KEVIN VAN HORN
715 Adair Avenue
Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}**   Appellant, Tiffany Vanmatre, appeals the decision of the Muskingum County Common Pleas Court, Juvenile Division, granting legal custody of H.B., E.B. and E.V. to their maternal great-aunt and uncle. Muskingum County Adult and Child Protective Services (MCACPS) is the appellee.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   H.B. (D.O.B. 4-7-2010), E.B. (D.O.B. 3-29-12) and E.V. (D.O.B. 9-2-16) are siblings who were placed in the temporary custody of MCACPS on January 22, 2022 and thereafter placed with relatives, Anita and Michael Spicer, their maternal great-aunt and uncle. The events leading to the placement of the children in the temporary custody of MCACPS are not relevant to the resolution of this appeal and are therefore omitted. Appellant, Tiffany Vanmatre, the mother of the children, does not contend that the placement of the children in the temporary custody of MCACPS was error, she does not argue that she has made significant progress on the case plan such that the children should be returned to her custody, or that she will make such progress in the immediate future, so those issues need not be addressed. Vanmatre's appeal focuses solely upon the trial court's grant of legal custody of the children to the Spicers.

**{¶3}**   MCACPS petitioned the court to grant legal custody of the children to the Spicers and that matter came on for hearing on November 17, 2022. Neither parent appeared at the hearing, but counsel for Vanmatre was present. The Spicers executed and filed a Statement of Understanding regarding the consequences and responsibilities of legal custody as required by R.C. 2151.353(A)(3). The trial court heard testimony and received evidence from a case worker from MCACPS and Anita Spencer, the proposed

legal guardian. After concluding that MCACPS made reasonable efforts to return the children and that the parents had not resolved the problems that led to the removal, the trial court granted legal custody of the children to the Spicers. Vanmatre's contact with the children was to be at the Spicers' discretion and always supervised, while the father was to have no contact absent a successful petition to the court for visitation.

{¶4} Significant to this case is the fact that the record shows that H.B. suffers from cerebral palsy, was living at a residential facility and likely would remain there for the foreseeable future. He had originally been placed with the Maternal Grandfather, but his condition required more care than could be provided, so he was admitted to a residential facility in April 2022 and remained in that facility at the time of the hearing. Anita Spicer admitted that she was not capable of assuming his care, but agreed that continued residential placement was in H.B.'s best interest and agreed to assume responsibility for him in that context.

{¶5} Vanmatre filed a notice of appeal and submitted a single assignment of error:

{¶6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING IT WOULD BE IN THE BEST INTERESTS OF THE CHILDREN TO THEIR MATERNAL GREAT-AUNT, AS SUCH A FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶7} We assume that Appellant has inadvertently omitted from the assignment of error a reference to granting legal custody to the Spicers as the argument following the assignment addresses that issue.

**STANDARD OF REVIEW**

**{¶8}** Unlike in a permanent custody proceeding where a juvenile court's standard of review is by clear and convincing evidence, the court's standard of review in legal custody proceedings is a preponderance of the evidence. *In re S.D.*, 5th Dist. Stark Nos. 2013CA0081, 2013CA0082, 2013–Ohio–5752, ¶ 32; *In re A.C.*, 12th Dist. No. CA2006–12–105, 2007–Ohio–3350 at ¶ 14; *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001).

**{¶9}** The statutes regarding an award of legal custody do not include a specific test or set of criteria, and a trial court must base its decision on the best interest of the child. *In* re C.R., 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188; *In re P.S.*, 5th Dist. Stark No. 2012CA00007, 2012-Ohio-3431. When determining the issue of legal custody, the trial court should consider the totality of the circumstances and all factors relevant to the best interest of the child. *In re D.T.,* 5th Dist. Stark No. 2013CA00252, 2014-Ohio-2495. "The statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions." *In re A.F.,* 9th Dist. No. 24317, 2009–Ohio–333 at ¶ 7, quoting *In re T.A.,* 9th Dist. No. 22954, 2006–Ohio–4468 at ¶ 17; *In re S.D.* 5th Dist. Stark Nos. 2013CA0081, 2013CA0082, 2013–Ohio–5752, ¶ 33.

**{¶10}** We review the trial court's award of legal custody for an abuse of discretion and recognize that a trial court has broad discretion in proceedings involving the care and custody of children. *In re R.D.J.,* 5th Dist. Delaware No. 12 CAF 07 0046, 2013–Ohio–1999, ¶ 29, quoting *In re Gales*, 10th Dist. No. 03AP–445, 2003–Ohio–6309; *In re Nice,* 141 Ohio App.3d 445, 455, 2001–Ohio–3214, 751 N.E.2d 552; *In re Mullen,* 129 Ohio

St.3d 417, 2011–Ohio–3361, ¶ 14. Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore* v. Blakemore, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶11}** Vanmatre argues that placing legal custody of the children with the Spicers is not in their best interest because Anita Spicer has not had any contact with H.B., the child in the residential facility. She concludes that because placement of H.B. in the legal custody of the Spicers is not in his best interest due to lack of contact, and because it is in the best interest of siblings to be placed together, none of the children can be placed with the Spicers. We note that Vanmatre offers no alternative, does not assure the court that she will be prepared to take custody of the children in the near future nor does she offer of another suitable relative placement. Under her analysis the children will either remain in temporary custody indefinitely or be placed in the legal custody of persons who have had no contact with the children.

**{¶12}** MCACPS provided Vanmatre a case plan that addressed substance abuse, mental health, housing, and income, and Vanmatre was aware of the plan but made no progress toward complying with its requirements. (Trial Transcript, page 6, line 24 to page 7, line 2). Vanmatre was subject to random drug tests beginning in May 2021 and continuing through February 2022. Most of the results, when Vanmatre did appear for the test, were positive for oxycodone. (Trial transcript, page 7, lines 5-20).

**{¶13}** Vanmatre was unable to obtain suitable housing. She allegedly explained that she was awaiting settlement from an automobile accident but had not made any

progress in that regard prior to the hearing. (Trial transcript, page 8, line 11 to page 9, line 5).

{¶14} Vanmatre had not been regularly visiting her children. Two of the children were placed with the Spicers on January 21, 2022 while MCACPS had temporary custody and Vanmatre visited them once since that placement. The eldest child, H.B., suffered from cerebral palsy and had been placed in a residential facility to provide his care. Vanmatre had not visited him at that facility since the date of this placement. Vanmatre did talk with the children at the Spicers' residence via telephone, but those calls were inconsistent and unpredictable.

{¶15} The two children placed with the Spicers are thriving. They had been struggling but they are doing very well in school and E.B., who was ten at the date of the hearing, was involved in football and starting basketball. MCACPS talked to the children about the consequences of legal custody and the fact that their biological parents may still have visitation. MCACPS reported that the children appear to understand. MCACPS also facilitated visitation of the siblings with their elder brother, H.B., at the residential facility.

{¶16} MCACPS recommended that any visitation between Vanmatre and her children be supervised and that the father be permitted no visitation without his providing additional information. They also recommended that the children be placed in the legal custody of the Spicers and that the involvement of MCACPS be terminated.

{¶17} Anita Spicer, great-aunt of the children, confirmed that they had accepted placement of two of the children and that they were doing well. She also confirmed her agreement that visitation between the two children in her custody and their sibling in the

residential facility should continue and she would do what she could to facilitate regular contact. She also understood that legal custody meant that the biological parents could obtain rights to visit the children and she had no objection. She felt that the parents should remain a part of the children's lives, and was willing to protect the children if the parents behaved inappropriately or appeared under the influence of drugs or alcohol. She confirmed that she is willing to accept legal custody of the children and, although she saw no reason for MCACPS to be involved, she welcomed them to visit at their discretion.

{¶18}  Anita Spicer expressed her understanding that as legal custodian she would be responsible for making decisions regarding the medical care of H.B. while he was in the residential facility. She admitted she had little contact with H.B. but understood his need to be in a facility that could care for his needs.

{¶19}  When MCACPS moved to terminate temporary custody and place the children in the legal custody of the Spicers, the children had been in the Spicers' home for eight months and were thriving. Based upon the record it is clear that neither biological parent would have been in the position to accept custody of the children at the time the motion was filed. Consequently, regardless of the outcome of the hearing, the status of the children would have remained unchanged. Physical custody of two of the children would remain with the Spicers and the eldest child, H.B. would remain in his residential placement. Vanmatre offers no alternatives despite her objection to placing the children in the legal custody of the Spicer's as against their best interest.

{¶20}  After reviewing the record and the elements of R.C. 2515.414(D) regarding the best interest of the children, we conclude that the trial court did not abuse its discretion when it determined that it was in the best interest of the children to grant legal custody to

the Spicers. The grant of legal custody to the children's great-aunt and uncle will preserve the relationship of the children with each other, their parents and extended family. The children are content and thriving in their current placement, have expressed no anxiety about separation from their biological parents and the placement has been endorsed by the guardian ad litem. The children have been in the physical custody of the Spicers for close to a year and none of the parties offered an alternative to continued placement with them.

{¶21} Further, we find sufficient evidence to support the trial court's conclusion and reject Vanmatre's contention that the trial court's decision was against the manifest weight of the evidence.

{¶22} Vanmatre's assignment of error is overruled.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.